IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES,                    )
                                  )    2:08-cr-00462-GEB
          Plaintiff,              )
                                  )
     v.                           )    ORDER
                                  )
STEVEN McKESSON,                  )
                                  )
          Defendant.              )
_____)
```

The Ninth Circuit vacated and remanded the restitution portion of the judgment in this case, stating:

> McKesson contends that the district court erred by failing to explain its reasons for imposing the $20,000 restitution award, because the amount is not supported by the evidence in the record. We agree that the district court failed to adequately explain how it determined the award amount, and that the evidence in the record is insufficient to support the ordered amount by a preponderance of the evidence. Accordingly, we vacate the restitution order, and remand to allow the district court to reassess and explain the amount of restitution.

(Remand Order 2, ECF No. 57 (internal citation omitted).)

The parties take opposite positions on whether this reassessment shall be conducted on a closed or opened record: the government argues this reassessment should be conducted after the record is opened and additional evidence is considered; McKesson counters that the Ninth Circuit's reassessment directive limits the district court's review to the record existing at the time his sentence was imposed.

On March 9, 2012, a remand hearing was held on the issue of whether restitution should be reassessed on a closed or opened record. During the remand hearing, the district court asked the government whether the decision to conduct the reassessment on a closed or opened record is discretionary; the government responded by stating that it is a discretionary decision to be made by the district court after remand. In addition, the parties agreed at the remand hearing that the restitution at issue is for future counseling.

In light of the parties' respective positions on whether the required reassessment shall be conducted on a closed or opened record, even if the decision is a discretionary one, I have decided to limit the reassessment to the record existing at the time of sentencing. Since the evidence in that record is insufficient to support any restitution for future counseling, restitution is not imposed.

Dated: March 13, 2012

GARLAND E. BURRELL, JR.
United States District Judge